UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE WAYMIRE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:16-cv-02875-TWP-MJD |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Jesse Waymire for a writ of habeas corpus challenges a prison disciplinary proceeding identified as prison disciplinary case number CIC 16-01-0164. For the reasons explained in this Entry, Mr. Waymire's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.    The Disciplinary Proceeding**

    On January 20, 2016, Correctional Industrial Facility Sergeant G. Jones wrote a conduct report charging Mr. Waymire with assault with a weapon or inflicting serious bodily injury, a violation of the IDOC's Adult Disciplinary Code section A-102. The conduct report provides:

    > On 1-20-16 at approximately 11:55PM, I, Sergeant G. Jones, was assisting on an escort of Offender Waymire, Jesse #201611 (21B-3E). During the escort, Offender Waymire, Jesse #201611 bit me on the shoulder and grabbed my penis.

Dkt. 2-2, p.1.

    Mr. Waymire was notified of the charge on January 22, 2016, when he received the Screening Report. Dkt. 2-2, p. 2. He plead not guilty to the charge, did not request any evidence, did not request witnesses, and requested a lay advocate. Dkt. 2-2, p. 2. He waived his right to twenty-four hours notice before a hearing. *Id.*

    A hearing was held on the same day as the screening, January 22, 2016. Based on the staff report, the hearing officer found Mr. Waymire guilty of an assault on staff. The sanctions imposed included a three hundred sixty-five-day earned-credit-time deprivation, a credit class demotion, and the imposition of other sanctions. Dkt. 2-2, p.3.

    Mr. Waymire appealed to Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. Dkt. 2-2, pp. 4-5. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    **C.    Analysis**

    Mr. Waymire presents two grounds for habeas corpus relief, the first challenging the sufficiency of the evidence and the second that his mental health at the time of the assault incident should have been better investigated. Dkt. 2, pp. 3-4.

Sufficiency of the Evidence

Mr. Waymire first challenges the sufficiency of the evidence. In part, he contends that because his medical records, specifically his mental health records, were not considered at the disciplinary hearing, the evidence is insufficient to convict him of assaulting staff. However, Mr. Waymire did not appeal this issue to the Facility Head or the Final Reviewing Authority. Dkt. 2-2, p. 6. In his administrative appeal, Mr. Waymire asserted nothing about his medical records or mental health, asserting only that he did not inflict serious injury and should have been charged with simple assault. *Id.*

To the extent that Mr. Waymire contends his medical records and mental health are relevant to his guilt, that argument is waived because it was not presented during his administrative appeals. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The IDOC's Adult Disciplinary Code, Section A-102, defines the relevant charge as:

> Committing battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury.

www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

Respondent contends that biting constitutes transferring body fluids, and therefore when Mr. Waymire bit Sergeant Jones, he committed a violation of Code Section A-102. Dkt. 11, p. 6. Mr. Waymire disagrees, of course, and in the remaining section of his sufficiency of the evidence ground, he contends that because he did not use a *weapon*, there is insufficient evidence to support the charge.

In *Jemison v. Knight*, 244 Fed. Appx. 39 (7th Cir. 2007), an Indiana inmate's disciplinary conviction for spitting on a correction officer as a violation of Code Section A-102 was affirmed. In Mr. Waymire's case, the A-102 section defines using a weapon as including the throwing of body fluids or waste on another person. The intent is obviously to prevent a person from coming into contact with another person's body fluids. Thus, an interpretation that biting involves the transfer of body fluids and is therefore a weapon, is not unreasonable. In this context, therefore, there is some evidence to support the hearing officer's decision. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (disciplinary hearing decision needs only some factual basis). Habeas corpus relief on this ground is denied.

<u>Mental Health Defense</u>

Mr. Waymire's second ground for relief does not actually assert a claim for relief but instead contends that his mental health should have been investigated before or during the disciplinary hearing. Notwithstanding the question of whether such a claim is viable in the prison disciplinary hearing context, Mr. Waymire did not present this question to the Facility Head or

Final Reviewing Authority. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads*, 280 F.3d at 729; *Moffat*, 288 F.3d at 981. Accordingly, the ground is waived and cannot be considered by this Court. Habeas corpus relief on this ground is denied.

<u>Summary</u>

Neither of Mr. Waymire's grounds for relief entitle him to habeas corpus. The petition for a writ of habeas corpus is therefore **denied**.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Waymire to the relief he seeks. Accordingly, Mr. Waymire's petition for a writ of habeas corpus is **denied** and the action dismissed. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/13/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jesse Waymire
DOC No. 201611
Pendleton – CIF
Electronic Service Participant – Court Only

All Electronically Registered Counsel